IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

REAL PROPERTY LOCATED AT 510 EAST      Case No. 10-CV- 476
BARKER STREET, RICE LAKE, BARRON
COUNTY, WISCONSIN, WITH ALL
APPURTENANCES AND IMPROVEMENTS
THEREON,

        Defendant.

---

PROTECTIVE ORDER

---

This matter having come before this Court on the motion of the United States of America for entry of a protective order pursuant to Title 18, United States Code, Section 983(j)(1)(A), which provides courts with jurisdiction to enter restraining orders and take such other action in connection with any property or other interest subject to forfeiture to ensure its availability for forfeiture; and

IT APPEARING TO THE COURT THAT:

The United States has filed a civil forfeiture complaint with respect to the above-captioned Real Property Located at 510 East Barker Street, Rice Lake, Barron County, Wisconsin, including all appurtenances, and improvements thereon.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 18 U.S.C. §983(j)(1)(A) THAT:

A. 510 East Barker Street, Rice Lake, Barron County, Wisconsin, is hereby restrained in the manners described below.

## DEFINITIONS

For purposes of this order, the following definitions shall apply:

1. "Potential claimant" refers to the owners of 510 East Barker Street, Rice Lake, Barron County, Wisconsin, Brenda Y. Thompson and Daniel Watters, their successors, assignees, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice of this order by personal service or otherwise.

2. "Defendant Real Estate," or "Property," refers to the real property located at 510 East Barker Street, Rice Lake, Barron County, Wisconsin, including all buildings, appurtenances, and improvements thereon.

## PROHIBITED ACTIVITIES

IT IS THEREFORE ORDERED that potential claimants are enjoined from:

1) Entering into any agreement to sell 510 East Barker Street, Rice Lake, Barron County, Wisconsin, during the pendency of this forfeiture action, unless the District Court orders the Property sold in an interlocutory sale, with the net proceeds to be deposited into an interest-bearing account as the substitute *res*, held in the custody and control of the United States Marshals Service.

2) Transferring or disposing of, by any means, 510 East Barker Street, Rice Lake, Barron County, Wisconsin. However, if any part of any of the Defendant Real Estate has been transferred or disposed of by any means, potential claimants shall account to the Court for its disposition. Further, this Order applies with equal force and effect to restrain the transfer or disposition of the proceeds from said Property.

3) Selling, assigning, pledging, distributing, giving away, encumbering, or otherwise participating in the disposal of, or removal from, the jurisdiction of this Court, any part of or interest in 510 East Barker Street, Rice Lake, Barron County, Wisconsin, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order.

4) Knowingly allowing any illegal activity to occur 510 East Barker Street, Rice Lake, Barron County, Wisconsin, during the pendency of this civil forfeiture action.

## MAINTAINING THE PROPERTY

IT IS FURTHER ORDERED that, during the pendency of this civil forfeiture action, potential claimants are ordered to do the following with respect to the Defendant Real Estate:

1) Potential claimants shall take all reasonable precautions to prevent the destruction or diminution in value of the Defendant Real Estate and any fixtures thereto.

2) Potential claimants shall maintain the yard and any landscaping in its current condition and shall not allow trash or other debris to accumulate.

3) Potential claimants shall maintain fire, flood, and hazard insurance on the Defendant Real Estate.

4) Potential claimants shall ensure that all property taxes are paid on time and do not become delinquent.

5) Potential claimants shall continue to make timely mortgage payments to keep the mortgage current.

6) Potential claimants shall neither take, nor knowingly permit or aid and abet, any action to destroy, damage, waste, dispose of, or transfer the Defendant Real Estate, without authority of the Court, for the purpose of impairing or defeating the Court's continuing *in rem* jurisdiction over said Defendant Real Estate, in violation of 18 U.S.C. §2232(b).

## MONITORING

IT IS FURTHER ORDERED that the United States may monitor potential claimant's compliance with this Order by all lawful means available.

## JURISDICTION

This Court shall retain jurisdiction of this matter for all purposes. The terms of this order shall remain in full force and effect until judgment is rendered on the civil

forfeiture complaint filed with respect to the Defendant Real Estate, or further order of the Court.

SO ORDERED this 26th day of August 2010.

_____
STEPHEN L. CROCKER
United States Magistrate Judge